## No. 2797.

### JOHN WEST *v.* THE STATE.

CARRYING PISTOL—PENITENTIARY GUARD—CHARGE OF THE COURT.
Article 319 of the Penal Code does not specifically except a peniten-
tiary guard from the operation of article 318, defining the offense of
unlawfully carrying arms, but such a guard is a "civil officer" within
the meaning of the first named article, and will be held exempt from
the operation of article 318 "when engaged in the discharge of his of-
ficial duties." In this case—a trial for carrying a pistol—the trial
court charged that a penitentiary guard would be exempt from the
operation of said article 318, while in the lawful discharge of his duty,
or while on the premises of the penitentiary, or while going to and re-
turning from a place for the necessary purpose of obtaining ammuni-
tion, but that he would not be exempt if he carried the pistol under
other circumstances or for other purposes. *Held*, correct.

APPEAL from the County Court of Cherokee. Tried below
before the Hon. E. L. Gregg, County Judge.

The conviction was for unlawfully carrying a pistol, and the
penalty assessed was a fine of twenty-five dollars, and twenty
days in the county jail.

The State proved that, on the night of the day alleged in the
information, the defendant, who was proved to be a peniten-
tiary guard stationed at the convict camp, four miles from the
town of Alto, in Cherokee county, entered the Grange store in
Alto and purchased some cartridges which he fitted to his pistol.
He then left the store, being intoxicated, and went to a point in
front of Pink Palmer's house, about one mile east of Alto, and
discharged his pistol. He then rode rapidly to the house of Zeb
Spruill, two miles distant, where he was searched by Spruill,
but no pistol was found on him. From Spruill's he went back
to Alto, and procured a bottle of whisky, and then he returned
to Spruill's, and, after drinking the whisky with Spruill, offered
Spruill something with which he asked to be killed. Spruill
supposed that the object offered him was a pistol, but was too
drunk to be positive on that point. When he left the Grange
store early in the night, the defendant remarked that he would
kill either himself or somebody else before morning.

The officer in charge of the convict camp testified, for the defense, that early in the night of the alleged offense, he gave defendant permission to go to Alto for the purpose of purchasing and fitting cartridges to his pistol—a practice that was common among the penitentiary guards.

*E. L. Gregg,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE. Objections to the charge of the court are presented by the defendant in his motion for a new trial and in an assignment of errors, but are not insisted upon in the brief and argument of his counsel. We find no fundamental error in the charge; in fact, no error whatever of which the defendant could be heard to complain.

It instructs the jury, in substance, that a penitentiary guard is excepted from the operation of article 318 of the Penal Code, while in the lawful discharge of his duty as such guard, or while on the premises occupied by the penitentiary authorities, or while going to or returning from a place for the necessary purpose of obtaining ammunition for his pistol; but that he would not be exempt from the law if he carried a pistol under different circumstances or for different purposes. These instructions, we think, are as favorable to the defendant as the law would warrant. A penitentiary guard is not specifically excepted from the operation of said article 318, but we believe he comes within the meaning of "civil officer," as used in article 319 of the Penal Code, and should be held exempt when "engaged in the discharge of his official duty," as such guard. (Carmichael v. The State, 11 Texas Ct. App., 27.) But it is only when thus engaged that he can be excepted from the operation of the law because of his office.

In this case, the evidence shows that, at the time the defendant was seen with the pistol, he was at a place distant four miles from his place of duty; was not engaged in the discharge of his duty as a guard, but was drunk and threatening to kill himself or some one else before daylight, it being in the night time that he was seen with the pistol. These being the facts of the case, we think the jury were authorized in concluding that the defendant was not in the discharge of his duty as a guard at the time, and was not carrying the pistol for the merely in-

nocent purpose of obtaining ammunition for it, but that he was carrying it with evil intent. The purpose and intent with which he had and carried the pistol was a question of fact for the jury to determine, and it was fairly submitted for their determination by the charge of the court, and their finding is, we think, well supported by the evidence.

The judgment is affirmed.

*Affirmed.*

Opinion delivered October 10, 1888.